**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUSTIN PHILLIPS,

Plaintiff,

v.

MCKINLEY PROPERTIES, INC., *ET AL.*,

Defendants.

_______________________________/

Case No. 2:25-cv-14121

UNITED STATES DISTRICT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT, VACATE ORDER OF DISMISSAL, REOPEN CASE, AND FOR RELIEF FROM SHOW CAUSE ORDER [ECF No. 35], ENJOINING PLAINTIFF FROM FILING NEW COMPLAINTS AND MOTIONS WITHOUT PRIOR LEAVE OF COURT, REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND BARRING PLAINTIFF FROM RECEIVING *IN FORMA PAUPERIS* STATUS IN THE EASTERN DISTRICT OF MICHIGAN**

## I. INTRODUCTION

BEFORE THE COURT is *pro se* Plaintiff Justin Phillips' Motion to Alter or Amend Judgment, Vacate Order of Dismissal, Reopen Case, and for Relief from Show Cause Order [ECF No. 35]. This case was dismissed for Plaintiff's failure to respond to Defendants' dispositive motions and for Plaintiff's disregard of this Court's Show Cause Order. *See* ECF No. 32; ECF No. 34. Prior to the instant motion, Plaintiff has filed numerous frivolous, meritless, vexatious, and duplicative

complaints and motions in both federal and state courts while maintaining his *in forma pauperis* status. Courts appear to have afforded Plaintiff substantial latitude considering his *pro se* status. His sustained abuse of the judicial system, however, warrants restrictions on all his future filings.

For the reasons expressed below, Plaintiff's Motion to Alter or Amend Judgment, Vacate Order of Dismissal, Reopen Case, and for Relief from Show Cause Order [ECF No. 35] is **DENIED**.

**IT IS FURTHER ORDERED THAT:**

1. Plaintiff is **ENJOINED** from filing any new complaint without prior leave of court in the Eastern District of Michigan;
2. Plaintiff is **FURTHER ENJOINED** from filing additional motions and from submitting documents through the Court's Pro Se Electronic Document Upload Program without prior leave of court;
3. Plaintiff's *in forma pauperis* status is **REVOKED**; and
4. Plaintiff is **BARRED** from receiving *in forma pauperis* status in the Eastern District of Michigan.

## II. LEGAL STANDARD AND DISCUSSION

### A.

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to

comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT & T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (quoting *Knoll*, 176 F.3d at 363). A district court retains "substantial discretion in serving these tasks." *Id.* (quoting *Knoll*, 176 F.3d at 363).

Although "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff," such a sanction is warranted here. *See id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Plaintiff provides a compilation of excuses for his failure to prosecute and in support of his request to reopen this case—none of which hold any merit. Indeed, Plaintiff casts blame for his failure to prosecute this case on the Court's mailing system despite him providing an accurate address change, as well as on Defendants for not emailing him a copy of their motions. *See* ECF No. 35, PageID.537–39; ECF No. 22, PageID.339 (providing Plaintiff's notice of an address change that has been used by Plaintiff in this action and in numerous other actions that he filed); ECF No. 32, PageID.528–29 (ordering Plaintiff to show cause why he failed to respond to dispositive motions filed by Defendants dating back to February 13, 2026). Unfortunately for Plaintiff, "while

*pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Additionally, Plaintiff's other purported excuse—that his "ability to independently monitor the docket through PACER was limited during the relevant period" on or around May 11, 2026—is both unconvincing and ostensibly dishonest. *See* ECF No. 35, PageID.539. Plaintiff offers no facts to explain why or how his ability to monitor the docket through PACER was limited starting from February 13, 2026, when Defendants filed their first dispositive motion to which Plaintiff failed to respond. *See id.*; *see also* ECF No. 32, PageID.528–29. Furthermore, it appears that Plaintiff was able to comply with other court orders entered through PACER in other lawsuits he filed in this District around May 11, 2026, such as in *Phillips v. County of Wayne*, Case No. 26-cv-10130, ECF No. 10 (E.D. Mich. April 6, 2026) (ordering Phillips to complete service of process and to complete service documents, which Phillips uploaded through the Court's Pro Se Electronic Document Upload Program on April 30, 2026). In any event, "[r]egardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket." *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Kuhn v. Sulzer*

*Orthopedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir. 2007)). These facts, taken in conjunction with Plaintiff's seemingly limitless and frivolous litigation history, which is examined more closely below, warrant the dismissal of this action and the imposition of additional restrictions on all his future filings.

Plaintiff's motion is denied.

**B.**

In addition, federal courts possess inherent authority to manage their proceedings and protect against abuses of the judicial process. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–46 (1991). This authority includes the power to impose pre-filing restrictions on litigants who repeatedly pursue frivolous or vexatious litigation. *Feathers v. Chevron USA, Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's placement on the enjoined filer list is long overdue. Indeed, a review of the record in this case and of Plaintiff's voluminous litigation history in federal and state courts shows that Plaintiff is engaging in a persistent pattern of vexatious litigation. *See, e.g.*, *Phillips v. McCarthy*, 2:26-cv-10357 (E.D. Mich. Dec. 22, 2025); *Phillips v. Bratton*, 2:25-cv-13550 (E.D. Mich. Nov. 7, 2025) (granting *in forma pauperis* status and dismissing Phillips' lawsuit for failure to state a claim); *Phillips v. County of Wayne*, 2:26-cv-10225 (E.D. Mich. Jan. 21, 2026); *Phillips v. City of Romulus*, 2:26-cv-10037 (E.D. Mich. Jan. 6, 2026); *Phillips v. Washtenaw County*, 2:26-cv-10335 (E.D. Mich. Jan. 29, 2026); *Phillips v. Wayne County*, 4:25-cv-14149 (E.D. Mich.

Dec. 24, 2025) (granting *in forma pauperis* status and again dismissing Phillips' lawsuit); *Phillips v. County of Washtenaw*, 4:26-cv-10038 (E.D. Mich. Jan. 6, 2026) (granting *in forma pauperis* status and dismissing Phillips' lawsuit for failure to prosecute); *Phillips v. Regional Managed Assigned Counsel Office*, 4:26-cv-10300 (E.D. Mich. Jan. 27, 2026) (granting *in forma pauperis status* and again dismissing Phillips' lawsuit for failure to prosecute); *Phillips v. County of Wayne*, 2:26-cv-10224 (E.D. Mich. Jan. 1, 2026); *Phillips v. County of Wayne*, 5:26-cv-10560 (E.D. Mich. Feb. 13, 2026); *Phillips v. City of Livonia*, 2:26-cv-10039 (E.D. Mich. Jan. 1, 2026) (considering a pending motion, filed on October 5, 2026, to revoke Phillips' *in forma pauperis* status and to enjoin Phillips from making any future filings without first obtaining leave of court); *Phillips v. Ann Arbor*, 5:26-cv-10299 (E.D. Mich. Jan. 27, 2026); *Phillips v. Wayne County*, 2:26-cv-10130 (E.D. Mich. Jan. 14, 2026); *Phillips v. 16th District Court*, 25-016711-AS (Wayne Cnty. Cir. Ct. Oct. 23, 2025); *Phillips v. City of Livonia*, 25-015868-CZ (Wayne Cnty. Cir. Ct. Oct. 9, 2025); *Phillips v. Honorable James Jolly*, 25-018442-AS (Wayne Cnty. Cir. Ct. Nov. 19, 2025); *Phillips v. City of Livonia*, 25-017083-CZ (Wayne Cnty. Cir. Ct. Oct. 28, 2025).

As of this Order, most of Phillips' lawsuits have been dismissed. To that end, Plaintiff's developing history as a serial litigant and persistent pattern of duplicative and vexatious filings warrant the imposition of restrictions under Eastern District of Michigan Local Rule 5.2. *See* E.D. Mich. LR 5.2 ("A district judge may enjoin a

litigant from filing actions without first obtaining leave of court if the judge finds that the litigant has engaged in a pattern of filing repetitive, frivolous, or vexatious cases."); *see also Feathers*, 141 F.3d at 269 ("Moreover, we see nothing wrong, in circumstances such as these, with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category.").

Accordingly, Plaintiff is permanently **ENJOINED** from filing any new action or motion in the Eastern District of Michigan without first obtaining leave of court. To seek leave, Plaintiff must submit his proposed complaint or motion to the Clerk of Court together with a request for leave to file along with a copy of this Order. A United States District Judge will review the proposed complaint or motion to determine whether it has an intelligible, non-frivolous basis. If leave to file a complaint is granted, the Clerk must assign the action to a randomly selected judge. Otherwise, leave to file will be denied.

Furthermore, in light of Plaintiff's pattern of repetitive and vexatious filings described above, this Court finds that restricting his use of the Court's electronic document upload service is warranted to protect judicial resources and administer the prefiling review required by this Order. Thus, under Eastern District of Michigan Local Rule 5.1.1(a), Plaintiff is **FURTHER ENJOINED** from submitting

documents through the Court's Pro Se Electronic Document Upload Program unless otherwise authorized by court order. Plaintiff must submit any future filings, including requests for leave to file a new action and accompanying proposed complaints, in paper form by mail to the Clerk of Court, subject to the restrictions imposed by this Order. *See* E.D. Mich. LR 5.1.1(a).

Lastly, for the same reasons as outlined above, Plaintiff's *in forma pauperis* status is revoked, and Plaintiff is barred from receiving *in forma pauperis* status in all future litigations in this District. *See Reneer v. Sewell*, 975 F.2d 258, 260 (6th Cir. 1992) ("We have permitted such prospective orders where a plaintiff has demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d).'" (quoting *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989)) (citing *In re McDonald*, 489 U.S. 180, 109 (1989))); *see also Maxberry*, 879 F.2d at 224 ("Accordingly, we hereby direct the Clerk of this Court to refuse to accept any further filings from Maxberry in which he seeks to proceed *in forma pauperis* . . . . Maxberry may proceed on appeal only if he submits the required docketing fee in compliance with Fed.R.App.P. 3 and the Rules of the Sixth Circuit.").

## III. CONCLUSION

For the foregoing reasons, the Court orders the following:

1. Plaintiff's Motion to Alter or Amend Judgment, Vacate Order of Dismissal, Reopen Case, and for Relief from Show Cause Order [ECF No. 35] is **DENIED**;
2. Plaintiff is permanently **ENJOINED** from filing any new civil complaint in this District without first obtaining leave of court;
3. Plaintiff is **FURTHER ENJOINED** from filing additional motions and from submitting documents through the Court's Pro Se Electronic Document Upload Program without first obtaining leave of court. The Court will review each request for leave and determine whether the proposed filing may proceed. These restrictions do not prohibit Plaintiff from filing a notice of appeal, complying with a court-ordered deadline, or submitting filings expressly authorized by the Court;
4. Plaintiff's *in forma pauperis* status is **REVOKED**; and
5. Plaintiff is **BARRED** from receiving *in forma pauperis* status in future litigations in the Eastern District of Michigan.

Plaintiff is also **WARNED** that failure to comply with this Order may result in additional sanctions, including monetary sanctions where appropriate.

**IT IS SO ORDERED.**

/s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Judge

Dated: November 16, 2026